Filed 9/20/21  P. v. Littlejohn CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY CHARLES LITTLEJOHN,<br><br>    Defendant and Appellant. | F080571<br><br>(Super. Ct. No. F17906497)<br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Nicco Capozzi for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Detjen, Acting P.J., Meehan, J. and DeSantos, J.

Defendant Anthony Charles Littlejohn was found guilty by jury trial of attempted murder and assault with a firearm. On appeal, he argues the trial court erred when it sentenced him to an aggravated and a consecutive term without giving a statement of reasons for its sentencing choice. We affirm.

## PROCEDURAL SUMMARY

On September 11, 2019, the Fresno County District Attorney filed a second amended consolidated information charging defendant with attempted murder (Pen. Code, §§ 664 and 187, subd. (a);[1] count 1) and assault with a firearm (§ 245, subd. (a)(2); count 2). The information further alleged the following enhancements: as to count 1, the defendant personally and intentionally discharged a firearm which proximately caused great bodily injury or death (§ 12022.53, subd. (d)); as to count 2, the defendant personally used a firearm (§ 12022.5, subd. (a)); and as to both counts, the defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)).

On September 17, 2019, a jury found defendant guilty as charged in both counts and found all enhancements to be true.

On November 12, 2019, the trial court sentenced defendant to an aggregate term of 12 years four months plus 25 years to life. As to count 1, he was sentenced to the aggravated term of nine years, plus three years pursuant to section 12022.7, subdivision (a), which was stayed, and 25 years to life pursuant to section 12022.53, subdivision (d). As to count 2, he was sentenced to one year, plus two years four months pursuant to section 12022.7, subdivision (a) to run consecutively to count 1.

On January 8, 2020, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On December 29, 2016, Donta Baker was speaking on the telephone outside of his uncle's apartment when defendant approached him. Defendant asked him where he was

---

[1] All further statutory references are to the Penal Code.

2.

from. Baker responded he was from the "east side." Defendant next asked if Baker was " 'willing to die for [his] hood' " and identified himself as a West Side Hoover gang member. He repeated the question and pulled out a gun. Baker told defendant he did not know him and began walking away. Thereafter, defendant "pistol whipped" him on the head. Baker began running away and defendant shot his gun. A chase ensued between the two men. Baker heard four shots and was struck by a bullet on his right leg. Eventually, Baker made it back to his uncle's apartment where a neighbor called 911.

## **DISCUSSION**

Defendant asserts the trial court abused its discretion when it imposed the aggravated term on count 1 and a consecutive term on count 2 without providing a statement of reasons for its sentencing choice. The People counter defendant forfeited his claim by failing to object at the time of sentencing. We agree that defendant has forfeited this claim.

The trial court has "broad discretion to decide … whether to run the prison terms on multiple offenses concurrently or consecutively." (*People v. Clancey* (2013) 56 Cal.4th 562, 579.) California Rules of Court, rule 4.425[2] sets forth factors affecting the decision to impose consecutive rather than concurrent sentences, which include the presence of circumstances in aggravation or mitigation. The trial court must generally state its reasons for choosing to impose consecutive sentences. (Rule 4.406(b)(5).) Likewise, in imposing an upper term, "[t]he court shall state the reasons for its sentence choice on the record at the time of sentencing." (§ 1170, subd. (c).) However, " 'complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal.' " (*People v. Boyce* (2014) 59 Cal.4th 672, 730.) " '[C]laims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' are subject to

---

[2]     All further references to rules are to the California Rules of Court.

forfeiture, including 'cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or to give a sufficient number of valid reasons.' " (*Id.* at pp. 730–731.)

In this case, the trial court stated the following at sentencing:

"Having reviewed the case and reacquainted myself with the specifics of this case, I do find that the Probation Department's analysis of the Rules of Court and the statutory eligibility for probation are correctly stated. The Court does adopt and make these findings itself today.

"As to circumstances in aggravation relating to the crime, this was a crime of great violence. There was, in fact, a significant great bodily injury suffered by the victim in this case. And I do also find that the proposed findings, that the circumstances in aggravation as they relate to the defendant do correctly apply as stated on page 7 [of the probation report]. The one thing I would point out is finding that the defendant's prior performance on probation was unsatisfactory. Quite frankly, it was kind of hard to draw that conclusion based on only the modest juvenile history that the defendant has. The same thing with regard to the increasing seriousness. Essentially, the defendant went from a simple battery and resisting arrest to attempted murder with a firearm. And I also questioned exactly how they arrived at the risk assessment score as stated on page 1 stating that he's a low risk individual at this point. The problem is that [defendant] crossed the line in this matter.

"Pursuant to law the defendant is statutorily ineligible for a grant of probation pursuant to Penal Code Section 12022.53[, subdivision] (g), and I will just state right now as to any application of Penal Code Section 12022.53, I cannot articulate any basis for striking or amending that enhancement as it has been found true by the jury and as it applies to [defendant]. This was a significant set of events that have to be taken into consideration for all they are worth. He chased [the victim] down the street shooting at him. [The victim] is lucky he's alive. [¶] … [¶]

"Therefore, I am going to deny probation. The defendant shall be committed to the California Department of Corrections and Rehabilitation as to Count One for the aggravated term of nine years to be enhanced by an additional and consecutive three years pursuant to Penal Code Section 12022.7[, subdivision] (a), which is imposed, but will be stayed pursuant to [section] 1170.1[, subdivision] (g), creating therefore a

4.

determinate term of nine years.  That nine years, however, will be followed by one indeterminate term of 25 years-to-life pursuant to Penal Code Section 12022.53[, subdivision] (d).  [¶] … [¶]

"As to Count Two, the defendant is committed for the aggravated term of four years enhanced by an additional and consecutive four years pursuant to Penal Code section 12022.5[, subdivision] (a), and an additional and consecutive three years pursuant to Penal Code Section 12022.7 [, subdivision] (a) to run consecutive to Count One at the rate of one third of the midterm or one year and one third the enhancements of two years, four months.  That creates the aggregate term of three years, four months.

"So the aggregate term total for One and Two is 12 years, four months determinate followed by one indeterminate term of 25-years-to-life, and as of today the defendant has total consecutive time credits of 859 days, 747 actual, 112 conduct calculated pursuant to Penal Code section 2933.1."

Defense counsel did not object either to the trial court's sentencing choice, or to the adequacy of its statement of reasons for sentencing.  Accordingly, defendant has forfeited this claim.

## **DISPOSITION**

The judgment is affirmed.